# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

LATONIA BLACK,

    Plaintiff,

v.

ANNA BURDINE,
ROYAL AMERICAN MANAGEMENT,
and HALLMARK MOBILE, L.P.,

Defendants.

CIVIL ACTION FILE NO.:

**JURY TRIAL DEMANDED
COMPLAINT FOR DAMAGES
INJUNCTIVE RELIEF**

## COMPLAINT

COMES NOW, the Plaintiff, Latonia Black, by and through the undersigned counsel, and files this Complaint.

## INTRODUCTION

"We are Americans first, Americans last, and Americans always."
-Senator John McCain

This is an action to vindicate Latonia Black's civil rights. On February 15, 2023, Ms. Latonia Black (hereinafter "Black" or "Plaintiff"), an African American black female, asked for accommodation, but all of the handicap spaces were full. On March 16, 2023, the request was sent to Royal American Management. Black

1

has a medical condition that requires her to use a closer (handicap) parking space due to her disability. On or about March 8, 2023, the Center for Fair Housing Accessibility Specialists spoke with management to ask for reasonable accommodation. However, on April 1, 2023, and the following five (5) days management denied her rent. On April 5, 2023, the handicap sign was erected and a certificate stating they granted accommodation was given.

Subsequently, on April 6, 2023, management gave Black a non-renewal "notice" on the following day blocking her from paying rent. On April 26, 2023, Hallmark Mobile LP filed an eviction/unlawful detainer complaint against Black in the District Court of Mobile, Alabama. Notably, Alabama laws and the constitution prohibits retaliatory conduct by landlords against tenants who have "complained to governmental agency charged with responsibility for enforcement of a building or housing code of a violation." Plaintiff filed a complaint with the United States of Housing and Urban Development (hereinafter "HUD") on May 11, 2023. However, on February 28, 2024, the Plaintiff received another letter in retaliation from management for a non-renewal "notice" after the results of the investigation on February 1, 2024, for one of the issues on her complaint by "HUD".

Royal American Management states, "One of the driving principles of Royal American is the importance of community service. We advocate for important local causes in the communities we are a part of and empower employees to share

their time, talent and passion with causes that improve the lives of those who live in them." Black is suing for state and constitutional violations of her rights.

## JURISDICTION AND VENUE

1. The Court has original jurisdiction pursuant to 11 U.S.C. § 1331, 42 U.S.C. § 3613, as this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq..

2. Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1981 (Section 1981"), and 28 U.S.C. §1983 ("Section 1983"). This court has supplemental jurisdiction over the state law claims.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) because (b) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred and are occurring within this judicial district and a substantial part of property that is the subject of the action is situated within this judicial district..

4. All of the acts committed by Defendants occurred within the Southern District of the State of Alabama.

## PARTIES

5. Latonia Black is of legal age and U.S. citizen.  She resides in Mobile County, Alabama. She is a resident and citizen of the state of Alabama and is over nineteen (19) years of age.

6. Defendant Royal American Management is a corporation doing business in the State of Florida. Defendant has committed discriminatory practices within said district and division in Alabama. At all times relevant to the issues contained herein, Plaintiff is a tenant of Royal American Management.

7. Defendant Hallmark Mobile, L.P. is a limited partnership doing business in the State of Alabama. Defendant has committed discriminatory practices within said district and division in Alabama. At all times relevant to the issues contained herein, Plaintiff is a tenant of Hallmark Mobile, L.P.

8. Defendant Anna Burdine is of legal age and U.S. citizen. She is a resident and citizen of the state of Florida and is over nineteen (19) years of age. Murphy is being sued in her individual capacity.

## STATEMENT OF FACTS

9. Latonia Black is a black woman. She is a hardworking mother who was, at all times relevant to this action, eager to be living in a safe environment and be in a good community for her disabled kid.

10. Latonia Black is disabled as well.

11. The rental unit is a "dwelling" within the meaning of 42 U.S.C. § 3602(b), and "dwelling units" within the meaning of 24 C.F.R. § 100.21.

12. On February 15, 2023, Latonia Black, an African American black female, asked for accommodation, but all of the handicap spaces were full.

13. On March 16, 2023, the request was sent to Royal American Management. Black has a medical condition that requires her to use a closer (handicap) parking space due to her disability.

14. On or about March 8, 2023, the Center for Fair Housing Accessibility Specialists spoke with management to ask for reasonable accommodation.

15. However, on April 1, 2023, and the following five (5) days management denied her rent.

16. On April 5, 2023, the handicap sign was erected and a certificate stating they granted accommodation was given.

17. Subsequently, on April 6, 2023, management gave Black a non-renewal "notice" on the following day blocking her from paying rent.

18. On April 26, 2023, Hallmark Mobile LP filed an eviction/unlawful detainer complaint against Black in the District Court of Mobile, Alabama.

19. Notably, Alabama laws and the constitution prohibits retaliatory conduct by landlords against tenants who have "complained to governmental agency charged with responsibility for enforcement of a building or housing code of a violation."

20. Plaintiff filed a complaint with the United States of Housing and Urban Development (hereinafter "HUD") on May 11, 2023.

21. However, on February 28, 2024, the Plaintiff received another letter in retaliation from management for a non-renewal "notice" after the results of the investigation on February 1, 2024, for one of the issues on her complaint by "HUD".

22. Specifically, on or about April 1, 2023, when Plaintiff went to log into her portal to pay rent; she could not access it.

23. Plaintiff emailed the regional manager, Anna Burdine for Royal American Management to resolve her issue to make payment.

24. She responded but never addressed the issues of opening the portal to make payments.

25. Plaintiff sent the information requested by Anna Burdine, but she never responded back.

26. On April 3, 2023, Plaintiff emailed her back again at 12:07pm. Plaintiff was wanting to pay her rent. Anna Burdine, she never replied.

27. Subsequently on April 5, 2023, Plaintiff drove to Section 8 – Fair Housing in Mobile to inform them about the matter. Ms. Cook, an employee at Fair Housing, called the office four (4) times before Elaine Blackburn, property manager for Hallmark Mobile, L.P., would finally answer the phone.

28. Ms. Cook addressed the plaintiff's concerns. Blackburn mentions that Burdine never mentioned anything was wrong to her about the incident of attempting to pay rent.

29. Burdine and Blackburn are friends as well as business associates.

30. Blackburn told Cook on the phone that she would resolve the issues of making payments.

31. Upon Plaintiff arrival in the to Blackburn's office, she was on the phone with Burdine.

32. Blackburn was upset that Plaintiff went to Section 8 – Fair Housing to report her concerns.

33. Plaintiff told Blackburn that out of all the apartments she has ever lived in this one was the most unorganized and unprofessional.

34. The office had her Section 8 paperwork since March 16, 2023, that was in the system. Blackburn was upset because Plaintiff went over her head to address her concerns with Burdine. Plaintiff said, Burdine is the regional manager. The breakdown of communication between Burdine and Blackburn was not professional, especially when Plaintiff was attempting to pay rent.

35. Burdine called the office phone on speaker in the presence of Plaintiff and Blackburn; yelling at the Plaintiff stating that the Plaintiff will not talk to

her manager like that and when I got ready to speak, she told me to shut my mouth that she doesn't have to respond to the Plaintiff's emails.

36. Burdine said she was sick and tired of me because all the Plaintiff do is email everybody.

37. Plaintiff email management in writing concerning maintenance issues that needed to be resolved from her tub, hole in her ceiling, parking issues, and etc.

38. However, Hallmark Mobile L.P., asked Section 8 – Fair Housing to pay more of the Plaintiff rent. Plaintiff was sued in court for eviction for this matter but won the case against Hallmark Mobile, L.P.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 3604(f)(1)**
**DISPARATE TREATMENT – DENYING OR MAKING A DWELLING UNAVAILABLE**
(Against All Defendants)

39. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 37 of this Complaint.

40. Defendants had actual knowledge of Plaintiff disability and her son.

41. Defendants treated Plaintiff and her son differently because of her disability and did not want her to reside at the property any longer.

42. The Fair Housing Act does not allow for exclusion of individuals based upon their disabilities.

43. At all times relevant, all Defendants had posed no threat to other tenants.

44. Such failure to renew the lease and attempted eviction by Defendants were motivated by discriminatory purpose and in total disregard of Plaintiff's rights and indifferent to the disability and needs of the Plaintiff.

45. Defendants attempted to make housing unavailable to Plaintiff due to her disability and asking for parking accommodations. Further Plaintiff made a complaint to Fair Housing and HUD. In violation of 42 U.S.C. § 3604(f)(1).

46. As a direct and proximate result of said unlawful practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

47. WHEREFORE, Plaintiff prays for the following relief:
    a. Judgment for compensatory damages;
    b. Judgment for exemplary or punitive damages;
    c. Injunctive Relief;
    d. Cost of suit;
    e. Reasonable attorney fees;

  f. Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

**SECOND CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 3604(f)(2)**
**DISPARATE TREATMENT – DISCRIMINATION IN TERMS AND CONDITIONS**
(Against All Defendants)

48. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 of this Complaint.

49. Plaintiff is a member of a protected class on the basis of disability.

50. Defendant Burdine was yelling at the Plaintiff based off her disability and addressing her concerns about her constitutional rights to housing.

51. At all times, Defendants knew that it could not limit the use of the facilities or require a person with disability not to have access to pay their rent due to them filing a complaint.

52. Defendants' actions were motivated by a deliberate animus against persons with disabilities and based on stereotypes in general.

53. Defendants imposed discriminatory terms and conditions on Plaintiff's tenancy because of her disability.

54. As a direct and proximate result of said unlawful practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff suffered humiliation,

degradation, emotional distress, other consequential damages, and lost wages.

55. WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment for compensatory damages;

    b. Cost of suit;

    c. Reasonable attorney fees;

    d. Injunctive Relief;

    e. Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

**THIRD CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 3604(f)(3)**
**DISPARATE TREATMENT – FAILURE TO REASONABLY ACCOMMODATE**
(Against All Defendants)

56. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 of this Complaint.

57. Plaintiff is a member of a protected class on the basis of her disability.

58. Defendants was personally involved, and/or had authorized, and/or ratified each and every discriminatory act and denial of accommodations for Plaintiff.

59. At al times material, Defendant Burdine and all other Defendants' employees had actual knowledge of Plaintiff's disability.

60. An individual seeking reasonable accommodation for a disability does not need to use magic word mention in the fair housing act or reasonable accommodation.

61. Defendants' failure to address such request and then later posting a Notice of Non-Renewal to Plaintiff on two different occasions for filing a complaint so she could receive accommodations is unconstitutional.

62. Defendant's failure to modify its existing policies and practices to accommodate the disabilities is discriminatory and unlawful.

63. Such actions by Defendant were in total and reckless disregard of Plaintiff's rights and indifferent to Plaintiff's disability and needs.

64. As a direct and proximate result of said unlawful practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

65. WHEREFORE, Plaintiff prays for the following relief:

    f. Judgment for compensatory damages;

    g. Cost of suit;

    h. Injunctive Relief;

    i. Reasonable attorney fees;

    j.    Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

### FOURTH CLAIM FOR RELIEF
### Violation of Fair Housing Act
(Against All Defendants)

66. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 of this Complaint.

67. Plaintiff is a black woman. Plaintiff is disable.

68. Plaintiff was subject to racial harassment and discrimination based off of her disabilities.

69. Plaintiff was subject to harassment and discrimination as described above by Defendants, causing interference with her rights under constitution.

70. The actions of Defendants harassing and discriminating against Plaintiff was taken intentionally and because of Plaintiff's disability.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages under Fair Housing Act, in an amount to be determined, for some or all of the unconstitutional acts as heretofore described above. Plaintiff alleges that because of the above each suffered humiliation and shame and mental distress.

### FIFTH CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1981 AND 42 U.S.C. § 1983
### Retaliation
(Against Defendants)

13

71. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 of this Complaint.

72. Plaintiff engaged in protected activity as described above by complaining of harassment of the Defendants stopping her from paying rent, for asking for a parking space, for making out a complaint, and not receiving accommodation.

73. Plaintiff has continued to be harassed by Defendants since she complained of their actions to government agency.

74. Defendants have continued to retaliate against Plaintiff by giving her two notice of non-renewal for her lease and by filing an eviction complaint against the Plaintiff.

75. Defendants has subjected Plaintiff to a pattern of further and heightened harassment and discrimination due to her disabilities and because of Plaintiff's complaints.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages under Section 1981 and Section 1983, in an amount to be determined, for some or all of the unconstitutional acts as heretofore described above. Plaintiff alleges that because of the above each suffered humiliation and shame and mental distress.

## SIXTH CLAIM FOR RELIEF
## 42 U.S.C. § 1983
### First Amendment Retaliation
(Against All Defendants)

76. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 of this Complaint.

77. Plaintiff's complaints regarding the treatment of her disabilities and complaints were protected speech under the First Amendment.

78. The subsequent hostile environment that Plaintiff was subjected to would have the chilling effect of likely deterring a person or ordinary firmness with disabilities from continuing to exercise their First Amendment right to speak and was intended to have such effect.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages under Section 1983, in an amount to be determined, for some or all of the unconstitutional acts as heretofore described above. Plaintiff alleges that because of the above each suffered humiliation and shame and mental distress. legitimate business expectation.

### Other Matters

79. All conditions precedent to the bringing of this suit have occurred.

### **PRAYER FOR RELIEF**

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the appropriate Defendants jointly and severally and grant:

15

    a.    compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims all allowed by law in an amount into be determine by a jury;

    b.    economic losses on all claims allows allowed by law;

    c.    Injunctive Relief;

    d.    special damages in an amount to be determined at trial;

    e.    punitive damages on all claims allowed by law against all individual Defendants;

    f.    attorney's fees and the costs associated with this action under 42 U.S.C. § 1981 and Title VII, including expert witness fees, on all claims allowed by law;

    g.    pre-and post-judgment interest at the lawful rate; and,

    h.    any further relief that this court deems just and proper, and any other appropriate relief of law and equity. economic losses on all claims allows allowed by law;

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

    Respectfully submitted this 10th day of July 2024,

**The Roderick Van Daniel Law Firm, LLC**

    */s/ Dr. Roderick Van Daniel, Esquire*
    Dr. Roderick Van Daniel, Esquire
    No. ASB-9105-164X
    1501 15th Avenue South; Suite 34
    Birmingham, Alabama 35205
    Tel. (205) 317 – 9321
    Email: roddaniel205@gmail.com
    vandaniel@rvdcivilrightsattorney.com

17