IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LATONIA BLACK,** <br>     **Plaintiff** | ) <br> ) <br> ) |
| v. | )   **Civil Action No. 1:24-00229-KD-N** |
| | ) |
| **ROYAL AMERICAN MANAGEMENT,** <br> **et al.** <br>     **Defendants.** | ) <br> ) <br> ) |

## ORDER

This action is before the Court on the motion for leave to file a first amended complaint, (Doc. 27), filed by Plaintiff Latonia Black ("Black"); the Response, (Doc. 30), filed by Defendants Anna Burdine, Royal American Management, Inc., and Hallmark Mobile, L.P. (collectively "Defendants"); and Black's Reply, (Doc. 31). Upon consideration, and for the reasons below, the motion is **granted**.

    **I.**    **Background**

Black's complaint alleged six claims against "all Defendants": (1) violation of 42 U.S.C. § 3604(f)(1) for disparate treatment—denying or making a dwelling unavailable; (2) violation of 42 U.S.C. § 3604(f)(2) for disparate treatment—discrimination in terms and conditions; (3) violation of 42 U.S.C. § 3604(f)(3) for disparate treatment—failure to reasonably accommodate; (4) violation of Fair Housing Act; (5) violation of 42 U.S.C. §§ 1981 and 1983 for retaliation; (6) violation of 42 U.S.C. § 1983 for First Amendment retaliation. (Doc. 1). Defendants filed a partial motion to dismiss Counts Five (5) and Six (6). (Doc. 9). The Magistrate Judge entered an order explained that the deadline for Black to amend the complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(B) was September 25, 2024. (Doc. 13). This order also explained that Fed. R. Civ. P. 15(a)(1) was enacted to "force the pleader to consider carefully and promptly the wisdom of

1

amending to meet the arguments in [a Rule 12(b), (e), or (f)] motion[, as a] responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided . . . ." (Doc. 13) (quoting Fed. R. Civ. P. 15(a)(1) advisory committees note to 2009 amendment).

Instead of amending the complaint, Black filed a response in opposition to the motion to dismiss. (Doc. 16). Black argued that the complaint "has given factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged in the complaint." (Doc. 16 at 8). Defendants filed a reply. (Doc. 17). The Magistrate Judge considered the briefs and recommended the Defendants' partial motion to dismiss Counts Five and Six be granted and that Counts Five and Six of the complaint be dismissed without prejudice. (Doc. 23).

After the Report and Recommendation, (Doc. 23), was filed, Black filed an objection and motion for reconsideration. (Doc. 26). Black's objection also explained that she was requesting leave to amend her complaint to add state law claims for retaliation under Alabama Code 1975 § 35-9A-501. (Doc. 26 at 1–2). As noted in Defendants' response to the objection, Black's objection was largely a cut and paste of her response to the motion to dismiss. (Compare Doc. 16 with Doc. 26). Specifically, Black's argument that Counts Five and Six should not be dismissed is the exact same apart from the addition of one paragraph reading:

> Here, Specifically, the Plaintiff addressed that she was black and African American renting property from the Defendants. This is a race and discrimination issue the Plaintiff is being subjected to by the Defendant retaliatory conduct. (Doc. 1 at paragraphs 1- 38). Defendant intentionally racially discriminated against the Plaintiff due to her race and also disability due to her filing a complaint with HUD. They not only retaliated against her one time but they did it twice then filed a complaint to evicted the Plaintiff from the premises. Defendants were using government funding to pay for partial rent of the Plaintiff. The Defendants was using state and government resources in connection to state actions intertwined with private action of their businesses.

(Doc. 26 at 15).

Shortly after filing her objection, Black filed a motion for leave to file a first amended complaint. (Doc. 27). Black argued that the "motion was necessary because it has come to Plaintiff's counsel attention through Defendant's Motion to Dismiss and Report and Recommendation, that Defendants are unclear about which causes of action are alleged against each individual Defendant." (Doc. 27 at 1–2). Black provided two additional reasons for amending her complaint. First, "Plaintiff has seen new evidence to help him be more concise to the material facts for this action." (Doc. 27 at 2). Second, "Plaintiff is requesting leave to amend her complaint to add state law claims for retaliatory conduct pursuant Alabama statute violate Ala. Code 1975 § 35-9A-501." (Id.). Black argued for leave to amend under both Fed. R. Civ. P. 15(a)(1)(B) and Rule 15(a)(2) "because 'as a matter of course' and as 'justice so requires' . . . the Plaintiff [has] an opportunity to clarify the alleged causes of action to conserve limited judicial resources for an efficient resolution of Plaintiff's grievances." (Doc. 27 at 1).

Defendants then filed a response in opposition to the motion or leave to file an amended complaint. (Doc. 30). The response explained that the Defendants were not confused about which causes of action were alleged against each Defendant because the complaint clearly asserted each claim "Against All Defendants." (Id.) (quoting Doc. 1). Among other things, Defendants argued that Black's basis for amending her complaint was due to "deficiencies in her Complaint that were asserted by the Defendants in their motion and by the Magistrate Judge in her Report and Recommendation." (Id. at 2).

**II.     Law**

Rule 15(a)(1)(B) allows a party to amend its complaint once as a matter of course no later than 21 days after service of a responsive pleading or no later 21 days after service of a Rule 12(b) motion. See Fed. R. Civ. P. 15(a)(1). In a former edition of this rule, serving a responsive pleading

terminated the right to amend, but serving a motion attacking the pleading did not terminate the right to amend. See Fed. R. Civ. P. 15 advisory committee's note (2009). This rule was amended in 2009 to terminate the right to amend as a matter of course 21 days after service of a Rule 12(b) motion. Id. The stated purpose was to avoid unnecessary court action and streamline the pretrial process by "forc[ing] the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." Id.

After the window to amend as a matter of course has passed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Under this standard, courts should "liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "Nevertheless, a motion for leave to amend may appropriately be denied '(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" Id. (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)). As such, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Rsch., Inc., 401 U.S. 321, 330 (1971).

**III.    Analysis**

Black's motion for leave to file an amended complaint argues that amendment is proper "as a matter of course" and because "justice so requires." (Doc. 27). Defendants' response argues

that Black cannot amend as a matter of course because the deadline has passed and that amendment should not be allowed because of Black's bad faith. (Doc. 30).

### A. Black is not entitled to amend her complaint as a matter of course because the deadline has passed.

Defendants filed a Rule 12(b)(6) motion to dismiss Counts Five and Six on Black's complaint. (Doc. 9). This motion created a deadline for Black to amend her complaint as a matter of course. The Magistrate Judge explained this in an order and provided the date by which amendment as a matter of course was allowed: September 24, 2024. (Doc. 13). This order also explained that Rule 15(a)(1) was enacted to force pleaders, like Black, to consider amending their complaint. (Doc. 13). On November 20, 2024, Black filed her motion for leave to amend and argued, in part, that she has a right to amend her complaint "as a matter of course." (Doc. 27). This is incorrect. The deadline for Black to amend her complaint as a matter of course was September 25, 2024, as explained to Black in an order from the Magistrate Judge. (Doc. 13). Thus, Black is not entitled to amending her complaint as a matter of course.

### B. Black's motion to amend is granted under Rule 15(a)(2)'s liberal standard.

Black was provided the deadline for amendment as a matter of course in an order from the Magistrate Judge. (Doc. 13). Moreover, the Magistrate Judge's order advised Black to carefully consider amending her motion. (Doc. 13). Instead of amending her complaint based on the Defendant's motion, Black chose to fight the motion by filing a response. After the motion to dismiss was granted, Black filed an objection and a motion for leave to file an amended complaint. This "wait and see approach" is known as "standing on the complaint." 1 Steven S. Gensler, Rule 12, Fed. R. Civ. P. Rules and Commentary (2024). "Some courts have indicated that leave to amend under Rule 15(a) should be denied if the plaintiff had an opportunity to include the new allegations before the court ruled on the motion but failed to do so." Id. Other courts, while

condemning the wait and see approach, have still allowed plaintiffs to amend their complaints as justice so requires. Id. The Federal Rules of Civil Procedure Commentary advises that the latter rule is better but guides that leave still "may be denied for many reasons including prejudice and undue delay." Id.

The Eleventh Circuit has not specifically addressed "standing on the complaint." However, the Eleventh Circuit has explained that "a district court has discretion to deny leave to amend when the moving party's delay was the result of bad faith, dilatory tactics, or sheer inadvertence, or when the moving party offers no adequate explanation for a lengthy delay." In re Engle Cases, 767 F.3d at 1119. Thus, the Court will analyze Black's motion for leave under Rule 15(a)(2)'s standard.

Defendants point out many of the holes in Black's argument for amending her complaint. Black argues for amendment because Defendants are unclear about which causes of action are alleged against each. (Doc. 27 at 1). Yet, Black's complaint clearly asserted each claim "Against All Defendants." (Doc. 1). Black argues for amendment to add two parties. (Doc. 27 at 6). Yet, Black's proposed amended complaint does not add two parties. (Doc. 27-1).

Defendants argue that Black is merely attempting to fix each pleading deficiency the Magistrate Judge and/or Defendants pointed out and that Black has not explained why she could not have included these additional allegations or claims in her original complaint. (Doc. 30 at 6). Moreover, Defendants acknowledge the fact that Black chose to not amend her complaint as a matter of course, opposed the motion to dismiss, objected to the report and recommendation, and filed a motion for leave to amend. For all these reasons, Defendants argue that Black's motion should be denied based on bad faith.

Black's actions resulted in a delay and caused the expenditure of more resources than necessary. Instead of amending the complaint as a matter of course to cure the deficiencies noted

6

by Defendants, Black chose to fight the motion to dismiss. Moreover, Black decided to object to the report and recommendation but later filed a motion for leave to amend which, if granted, would make the report and recommendation moot.

Black's delay was either the result of bad faith or sheer inadvertence or both. Bad faith usually refers to "[d]ishonesty of belief, purpose, or motive." Bad Faith, Black's Law Dictionary (12th ed. 2024). Inadvertence refers to "accidental oversight" or "carelessness." Inadvertence, Black's Law Dictionary (12th ed. 2024). Here, most of Black's stated reasons for amendment are false. Defendants were not unclear about which cause of action was alleged against each defendant. (Doc. 30 at 1). Black's amended complaint did not add two parties—Black even repeated this argument in her reply after Defendants' response explained this to be false. (Doc. 31 at 3). In addition, Black's argument for amendment "to conserve limited judicial resources" lacks truth. (Doc. 27 at 1). Black had the opportunity to conserve limited judicial resources by amending as a matter of course and decided against it. The arguments in Black's motion reflect, at best, carelessness. For example, Black argues for amendment as a matter of course two months after the deadline had passed. This deadline framework is explained in Fed. R. Civ. P. 15(a)(1)(B), and the Magistrate Judge provided the exact date in her September 4, 2024, order. (Doc. 13).

Given the situation, the Court has the discretion to deny Black's motion for leave to amend. However, there is no indication that granting the motion would cause undue prejudice to the Defendants. Further, this motion was filed before the Rule 16(b) scheduling order was filed, and the scheduling order lists February 3, 2025, as the deadline for amending pleadings. (Doc. 35). "[D]istrict courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC, 7 F.4th 989, 1000 (11th Cir. 2021). Thus, Black's motion is **granted**.

Black is granted leave to file the amended pleading **on or before January 31, 2025**. Upon the timely filing of the amended pleading, the Report and Recommendation, (Doc. 23), will become moot.

**DONE** and **ORDERED** this **27th** day of **January 2025**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**