IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATONIA BLACK, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACTION NO. 1:24-cv-00229-KD-N |
| | ) |
| ANNA BURDINE, | ) |
| et al., | ) |
|     Defendants. | ) |

## ORDER

This action is before the Court on Defendants' Motion for Reasonable Expenses (Doc. 56),[1] filed by Anna Burdine, Royal American Management, Inc., and Hallmark Mobile, L.P. ("Defendants"). Plaintiff responded on March 25, 2025 (Docs. 58, 59), and Defendants issued a reply on March 31, 2025 (Doc. 61). Defendants' motion is ripe for disposition.[2]

Upon consideration, Defendants' Motion for Expenses is **GRANTED** in part and **DENIED** in part.

### I.  Background

Defendants moved the Court to compel discovery on January 31, 2025 (Doc. 43). The motion followed Defendants' receipt of untimely objections to their discovery requests on January 17, 2025 (Doc. 43-1). The discovery requests were initially

---

[1] The Court has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (03/10/2025; 04/10/2025 electronic references).

[2] In addition, Plaintiff has a pending motion to file a surreply (Doc. 65), which is due to be **DENIED** and addressed *infra.*

propounded to Plaintiff on December 13, 2024, in accordance with the Court's Scheduling Order (Doc. 35). A meet and confer over the discovery dispute was held on January 27, 2025, but was unsuccessful in reaching a resolution. (Doc. 43, PageID.362).

While the motion to compel was pending, Plaintiff filed amended discovery responses on February 25, 2025 (Doc. 49). Following this supplemental production, the Court found the motion to compel moot and granted Defendants leave to refile addressing any deficiencies, as well as setting a deadline for Defendants to seek reasonable expenses (Doc. 51).[3] Defendants now move for expenses in connection with the motion to compel pursuant to Fed. R. Civ. P. 37(a)(5)(A).

Defendants timely met their deadline to seek expenses, which brings the operative motion under consideration (Doc. 56). Plaintiff's response in opposition to the motion was filed on March 25, 2025 (Doc. 58), which was accompanied by a full reproduction of the "Introduction to Civil Discovery Practice in the Southern District of Alabama" which Plaintiff labeled as evidentiary material (Doc. 59). Additionally, Plaintiff filed a motion for leave to file a surreply on April 10, 2025, raising new arguments not presented in the prior briefings (Doc. 65).

---

[3] Doc. 51 vacated an order from the same day (Doc. 50) that erroneously cited the amendment of Plaintiff's complaint as a reason to find the motion moot.

II. **Analysis**

A. **Rule 37(a) Reasonable Expenses**

Plaintiff produced the requested discovery only after Defendants filed a motion to compel; therefore, Rule 37 of the Federal Rules of Civil Procedure applies. (*See* Docs. 43, 54.) Rule 37(a)(5)(A) provides:

> [I]f the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Rule 37 "creates a rebuttable presumption in favor of sanctions." *RBC Bank (USA) v. Funk Family P'ship*, 2011 WL 13136317, *3 (S.D. Ala. 2011) (citations omitted). "Sanctions allowed under Rule 37 are intended to 1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." *Wouters v. Martin Cnty.*, 9 F.3d 924, 933 (11th Cir. 1993). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Amer. Comm.,* 178 F.3d 1373, 1375 (11th Cir. 1999). "Rule 37 sanctions were designed not merely to

penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1447 (11th Cir. 1985) (quotations omitted). "The district court has broad discretion to impose sanctions, and this is especially true when the imposition of monetary sanctions is involved." *Ctr. for Individual Rts. v. Chevaldina*, No. 21-13453, 2022 WL 4462246, at *2 (11th Cir. 2022) (citing *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994)) (cleaned up).

### 1. Requirement to Confer

"[T]he court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action[.]" Fed. R. Civ. P. 37(a)(5)(A)(i). The advisory committee notes on the 1993 Amendment state that the rule was "revised to provide that a party should not be awarded its expenses for filing a motion that could have been avoided by conferring with opposing counsel." *Id.*

Plaintiff argues that Defendants failed to meet their good faith conferencing requirements. "Good faith requires actually conferring by speaking with opposing counsel and considering the other party's position." (Doc. 58, PageID.1471).

However, the record reflects otherwise. Following the receipt of untimely responses, the parties scheduled a meet and confer. (Doc. 43. PageID.361; Doc. 43-2, Ex. D, PageID.516). Although ultimately unproductive, an in-person meeting was held on January 30, 2025. According to Defendants, the meeting lasted 27 minutes,

during which Plaintiff's counsel maintained the same objections. (Doc. 43, PageID.362). Moreover, contrary to arguments provided by Plaintiff, Defendants' motion satisfies the required certification. (*See* Doc. 43, PageID.359) ("CERTIFICATION").

### 2. Substantially Justified

The court must not order reasonable expenses if "the opposing party's nondisclosure, response, or objection was substantially justified[.]" Fed. R. Civ. P. 37(a)(5)(A)(ii). In context, the term "substantially justified" means "reasonable people could differ as to the appropriateness of the contested action." *Maddow v. Proctor & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). *See DeVaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) ("Discovery conduct should be found substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.").

Plaintiff asserts that the discovery requests were overly broad and unduly burdensome, arguing the use of the terms "all," "each," and "every," made the requests compound in nature. Therefore, Plaintiff contends, the objections were justified under the applicable local rules. (*See generally* Doc. 58).

Plaintiff served objections 35 days after receiving discovery requests—objecting to 18 interrogatories and 32 requests for production. Each objection was identical. The response claimed the requests were compound, overbroad, sought legal conclusions, and were subject to privilege.

5

RESPONSE: Plaintiff objects to this interrogatory on the grounds that the question is compound. A question contains two or more questions is compound. This interrogatory has multiple inquiries in a single interrogatory. Specially prepared interrogatories may not make more than one inquiry. Furthermore, Plaintiff objects to this interrogatory on the grounds that the question is disjunctive. A disjunctive interrogatory is one which expresses a choice between two mutually exclusive possibilities. Additionally, Plaintiff objects to this interrogatory on the grounds that the question is overbroad. A question is overbroad on its face if it uses the words "all", "any", "ever", or "every". Plaintiff objects to the extent this calls for a legal conclusion. Further, this Plaintiff objects to the extent Defendant seeks information protected by any privilege recognized under the Alabama Rules of Civil Procedure, Federal Rules of Civil Procedure, or applicable state law, including, but not limited to attorney/client privilege, attorney work product, and the privilege applicable to information compiled or obtained in contemplation or anticipation of litigation. The attorney-client privilege shields confidential communications. Ala. R. Evid. 502(b). Alabama has taken an expansive view of the meaning of communication. Cooper v. Mann, 143 So.2d 637 (Ala. 1990). The term communication includes not only words uttered, but information conveyed by any other means. Cooper, 143 So.2d at 639. The term communication includes any knowledge that the attorney acquired from the client and any advice or counsel given to the client. A. R. Evid. S02(b); Richards v. Lennox Indus., 574 So.2d 736 (Ala. 1990); Ala. Code, 1975 § 12-21- 161. Additionally, this discovery request seeks attorney work product. The purpose of this protection is to preserve the rights of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspect of those cases and to prevent attorneys from taking undue advantage of their adversary's industry and efforts. The work product doctrine protects the adversary system and acts to safeguard the judicial process by limiting the scope of discovery of trial preparation material. See Great Am. Surplus Lines Ins. Co. v. St. Paul Fire & Marine Ins. Co, 540 So.2d 1357 (Ala. 1989). Our judicial system, being adversarial in nature, must allow each side to be free to investigate and prepare a case without fear that the opponent will discover and utilize unfavorable material. The work product doctrine is broader than the attorney client privilege in that the work product doctrine applies to all documents and tangible items prepared by or for the attorney of the party from whom discovery is sought. 8 C. Wright & A. Miller, Federal Practice and Procedure § 2024, at 393, n. 4 (1994). Without waiving the objection, Plaintiff has provided all of the information to the Defendants that would show, tend to show, or relate

> in any way to the facts, circumstances, and/or claims that are subject of this lawsuit. Everything for this complaint has been given to the Defendants with the initial disclosures.

(*See* Doc. 43-1, PageID.378–509). Plaintiff continues to insist these "objections were not boilerplate objections." (Doc. 58, PageID.1483).

"As a general rule, a responding party's failure to make a ***timely and specific*** objection to a discovery request waives any objection based on privilege." *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 630 F. Supp. 2d 1332, 1340 (M.D. Fla. 2007) (emphasis added); *see also* Fed. R. of Civ. P. 33 (stating that late objections to interrogatories are "waived unless the court, for good cause, excuses the failure").

Here, Plaintiff's objections were neither timely nor specific. Although a valid objection may have presented itself within the 144-page response, the blanket and repetitive objections to every request were not substantially justified. *See Boler v. Bank of America, N.A.*, 2018 WL 7142093, at *1 (N.D. Ala. 2018) (objections "should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (citing *Josephs v. Harris Corp.*, 677 F.2d 985 (3d Cir.1982)) (a party resisting discovery must show specifically each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive). Responses such as Plaintiff's, involving the proverbial "kitchen sink" method of avoiding discovery, are heavily disfavored. *See Peacock v. Merrill*, 2008 WL 11425724, at *2 (S.D. Ala. 2008).

To the extent privilege was proper, a party making such objection must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *Harris v. Int'l Paper Co.*, 2021 WL 6050455, at *2 (S.D. Ala. 2021) (citing Fed. R. Civ. P. 26(b)(5)(A)).

Further, a party's contention "that they 'acted in good faith' … does not absolve them from liability under Rule 37(a)(5)." *Weaver v. Stringer*, 2019 WL 1495279, at *3 (S.D. Ala. 2019) (citing *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978)) ("Although the failure to produce may not have been in bad faith, the presence or absence of bad faith is relevant to the choice of sanctions rather than to the question whether a sanction should have been imposed. In view of the range of sanctions available, even negligent failures to allow reasonable discovery may be punished.")

Accordingly, substantial justification cannot be found. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

### 3. Other Circumstances:

The rule "creates a rebuttable presumption in favor of sanctions." *RBC Bank (USA),* 2011 WL 13136317, at *3 (citation omitted). However, the third prong of the Federal Rule prevents the Court from awarding expenses if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii).

Plaintiff provides no argument as to the third prong of the statute. The primary purpose of Rule 37(a)(5)'s fee-shifting provisions is to minimize courts becoming

involved in the discovery process and encourage all parties to be as forthcoming as possible during the discovery process. *See Weaver*, 2019 WL 1495279, at *3; Fed. R. Civ. P. 37(a) advisory committee's note to the 1970 amendment ("the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery" and is "the most important available sanction to deter abusive resort to the judiciary"). *Cf. McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 488, 494 (6th Cir. 2014) ("an important purpose of the expense-shifting sanction … is to establish incentives for litigants to respond reasonably and in good faith to appropriate requests for admissions"). The undersigned finds no exception applicable under Rule 37(a)(5)(A)(i)-(iii).

  a. **Plaintiff's Surreply**:

Plaintiff's motion to file a surreply (Doc. 65) is due to be denied. Courts have discretion "to permit the filing of a sur-reply ... when 'a valid reason for additional briefing exists, such as where the movant raises a new argument in its reply brief.'" *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 789 (11th Cir. 2008) (per curiam); *see also Herring v. Sec'y, Dep't of Corr.,* 397 F.3d 1338, 1342 (11th Cir. 2005) ("arguments raised for the first time in a reply brief are not properly before a reviewing court"). "No authorization exists in the Federal Rules of Civil Procedure, nor in the court's briefing order, for parties to file surreplies." *Northstar Paramedic Servs.-Bessemer, Inc. v. City of Bessemer*, 2009 WL 10703677, at *2 (N.D. Ala. 2009). "To allow such surreplies as a regular practice would put the court in the position of

refereeing an endless volley of briefs." *Id.* (quoting *Garrison v. Ne. Ga. Med. Ctr., Inc.*, 66 F. Supp.2d 1336, 1340 (N.D. Ga. 1999)).

Plaintiff's principal brief in opposition to the operative motion argued her objections were proper and that Defendants failed to satisfy the meet-and-confer requirements of local and federal rules. (*See generally* Doc. 58). She now wishes to raise new arguments challenging Defendants' expenses in preparing the operative motion, by disputing the lodestar calculation and billing itemization. (*See* Doc. 65). Nothing new was presented between the filings, and the surreply raises arguments that were not addressed in the appropriate briefs.

Plaintiff's motion (Doc. 65) was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(a)–(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See also* S.D. Ala. GenLR 72(b); (04/10/2025 elec. ref.). The undersigned notes that while the surreply is **DENIED**, the late filing would not change the analysis herein. Plaintiff's reasonable expenses are addressed accordingly.

### 4. Reasonable Expenses

Defendant seeks an award of $1,952.50 in reasonable expenses under Rule 37(a)(5)(A). (Doc. 56, PageID.1461). Counsel submitted an affidavit and attached billing exhibit, which consists of 7.1 hours at $275 an hour. (Doc. 56-1, PageID.1465-66).

"[T]he calculation of reasonable attorney's fees is ... clearly within the sound discretion of the trial judge." *Tufaro v. Willie*, 756 F. Supp. 556, 561 (S.D. Fla. 1991)

(citing *Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1187 (11th Cir. 1983)). Under Rule 37(a)(5)(A), "an award of expenses is limited to the expenses incurred in making the motion to compel." *RBC Bank (USA) v. Funk Fam. P'ship, Ltd. #2*, 2011 WL 13136317, at *3 (S.D. Ala. 2011) (citing *Hall v. Government Employees Ins. Co.*, 2008 WL 2704595, *1 (M.D. Ga. 2008)). The rule does not provide for an award of expenses incurred in trying to obtain discovery responses before filing a motion to compel or time spent conferring "about the discovery issues[.]" *Id.* (citing *Hall*, 2008 WL 2704595 at *1). "Only time spent on tasks that were performed in conjunction with making the motion are compensable[.]" *Id.*

Defendants' award is due to be reduced by 1.7 hours. The affidavit provided includes the following billing entries:

- 1/21/2025, 0.7: Legal research for case law re: discovery responses referring to non-verified initial disclosures not adequate;
- 1/21/2025, 0.2: Email to Plaintiff's attorney on the demand for supplementation;
- 1/28/2025, 0.1: Email from Plaintiff's counsel, re: responses and requests;
- 1/30/2025, 0.5: In-person conference[;]
- 1/31/2025, 0.2: Email from Plaintiff's attorney[.]

(Doc. 56-1, PageID.1465).

The undersigned finds that these entries are "expenses incurred in trying to obtain discovery responses before filing a motion to compel" or tasks unrelated to

11

"making the motion." *See RBC Bank (USA)*, 2011 WL 13136317 at *3. Accordingly, these entries are struck.

In general, the starting point for calculating a reasonable attorney's fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The result of this calculation is the "lodestar method," and there is a presumption that the lodestar figure represents a reasonable fee. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

In determining a reasonable hourly rate, the Court looks to the *Johnson* factors. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 n.2 (11th Cir. 2008).[4] However, the Court may also look to its own experience and authority in determining the reasonableness of a fee award. *See Ibezim v. GEO Group, Inc.*, 786 F. App'x. 975, 976-77 (11th Cir. 2019) (discussing the district court's authority to assess the reasonableness of attorney's fees).

In the present case, Defendants' counsel presents a rate of $275 per hour on behalf of her client. She has practiced in defense litigation for 20 years and is an equity partner at her firm. While Counsel has not specifically offered evidence of prior

---

[4] "Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Bivins*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citation omitted).

12

awards or independent affidavit opinions to support the prevailing market rates, the Court is familiar with the prevailing rates in this district and finds the rate reasonable. *See Coastal Fuels Mktg., Inc. v. Fla. Exp. Shipping Co.*, 207 F.3d 1247, 1252 (11th Cir. 2000) (finding that when specific documentation is lacking, the court may make an award based upon its own experience); *see* also *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (presumption of reasonableness in a lodestar calculation).

After the reduction specified above, Defendants' award stands at $1,485, based upon 5.4 hours at $275 per hour.

**a. Party and Attorney**

"Rule 37 identifies attorneys advising, or overseeing, discovery as possible subjects of sanctions along with their clients and vests the trial court with broad discretion to apportion fault between them," providing in subsection (a)(4) "that the award of expenses or costs may be demanded of a party, or its attorney, or both." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).[5]

The record reflects that Plaintiff's counsel maintained "kitchen sink" objections throughout communications with opposing counsel, and would "let the court decide" rather than reach a compromise—an approach that runs contrary to the aims of Rule 37. (Doc. 43, PageID.362); see *Weaver*, 2019 WL 1495279, at *3 (S.D. Ala. Apr. 4, 2019) (noting that Rule 37's purpose is "to deter a party from pressing to a court

---

[5] "The Advisory Committee Notes to the 1970 amendments insert a single caveat: It is not contemplated that expenses will be imposed on the attorney merely because the party is indigent." *Devaney*, 989 F.2d at 1162 (citing Fed. R. Civ. P. 37 Advisory Committee Notes).

hearing frivolous requests for or objections to discovery" (citing Fed. R. Civ. P. 37(a) Advisory Committee Notes to the 1970 amendment)). Notably, circumstances warranting consideration under Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii) were disregarded in favor of submitting a reproduction of a local guidebook to the docket. (Doc. 59).

Discovery was provided after the motion was filed and the presumption in favor of sanctions has not been rebutted. Thus, the Court is compelled to award reasonable expenses. Upon review of the record, and for the reasons discussed herein, the undersigned finds that discovery was unjustifiably opposed, principally at the instigation of Plaintiff's attorney. *See Reddy v. Bisaria*, 2012 WL 13018360, at *3 (S.D. Fla. 2012) ("an attorney is to be held responsible for the professional disposition of the discovery process"); Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2288 (3d ed.) (Rule 37(a)(5) "placed directly on attorneys a somewhat unique sanction to refrain from the frivolous, to weigh carefully considerations of relevancy and privilege, and to advise in accordance with their best judgment").

### III. **Conclusion**

Accordingly, Defendants' Motion for Reasonable Expenses under Rule 37(a) (Doc. 56) is **GRANTED** in part and **DENIED** in part, to the extent it is reduced as described above. Roderick Van Daniel, Esq., is required to reimburse Defendants in

the amount of $1,485 for reasonable attorney's fees. The amount is to be paid within 21 days from the date of this Order, unless Defendants agree to a later date.

**DONE** and **ORDERED**, this the 9th Day of June 2025.

*/s/ Katherine P. Nelson*
**Katherine P. Nelson**
**United States Magistrate Judge**